## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CRIMINAL ACTION** |
| v. | ) | |
| | ) | No. 06-20056-13-KHV |
| ROBERT COLE, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's <u>Motion To Withdraw Plea</u> (Doc. #510) filed June 25, 2008.  After an evidentiary hearing on August 4, 2008, the Court overrules defendant's motion.

## Factual Background

Based on the testimony and exhibits at the hearing on defendant's motion to withdraw his plea, as well as the filings in this case, the Court finds the following facts:

On March 31, 2006, a grand jury returned a 36-count indictment which in part charged defendant with conspiracy to distribute and possession with intent to distribute 50 grams or more of cocaine base, 5 kilograms or more of cocaine and 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846.  <u>See</u> <u>Indictment</u> (Doc. #1).  Trial was scheduled for November 6, 2007.  <u>See</u> <u>Notice</u> (Doc. #246).  Between September 17 and October 30, 2007, ten of the 14 defendants in this case pled guilty.  Seven of the ten guilty pleas were to the conspiracy charge in the indictment.  A hearing on Cole's pretrial motions was scheduled for October 31, 2007, but defendant decided to plead guilty that day.  Pursuant to a written plea agreement under Rule 11(C)(1)(c), Fed. R. Crim. P., defendant entered a plea of guilty to the conspiracy charge.

Under the plea agreement, the parties agreed to a sentence of 120 months in prison and five years of supervised release.  The remaining defendants pled guilty shortly after Cole entered his guilty plea.

On January 25, 2008, defense counsel received a copy of the presentence investigation report ("PSIR").  Three days later, counsel and defendant discussed the possibility of withdrawing his plea.  Defendant decided that he did not want to do so.  On February 13, 2008, counsel and defendant discussed possible objections to the PSIR and further discussed the advantages and disadvantages of withdrawing his plea.  Defendant did not express a desire to withdraw his plea at that time.  On April 17, 2008, defendant told counsel he felt that she had tricked him and that he wanted to withdraw his plea.  On April 28, 2008, the Court sustained defense counsel's motion to withdraw and appointed new counsel.  On June 25, 2008, defendant filed a motion to withdraw his plea because it was not voluntary.

### Analysis

After the Court accepts a plea, but before it imposes sentence, a defendant may withdraw a plea of guilty if he shows a "fair and just reason for the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B); United States v. Siedlik, 231 F.3d 744, 748 (10th Cir. 2000) (defendant bears burden to establish fair and just reason for withdrawal of plea).  The district court has discretion to determine what circumstances justify granting a motion to withdraw a guilty plea.  United States v. Jones, 168 F.3d 1217, 1219 (10th Cir. 1999); United States v. Wade, 940 F.2d 1375, 1377 (10th Cir. 1991).  Such motions are not automatically granted, but they "should be viewed with favor," and a "defendant should be given a great deal of latitude."  Siedlik, 231 F.3d at 748 (quoting United States v. Rhodes, 913 F.2d 839, 845 (10th Cir. 1990), cert. denied, 498 U.S. 1122 (1991)).

In analyzing whether defendant has shown a fair and just reason for withdrawal, the Court ordinarily considers the following factors:

> (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant delayed in filing his motion, and if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to the defendant; (6) whether the plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources.

United States v. Sandoval, 390 F.3d 1294, 1298 (10th Cir. 2004) (citations omitted).

## I.      Assertion Of Innocence

The first factor only requires that defendant assert his innocence.  United States v. Carr, 80 F.3d 413, 420 (10th Cir. 1996).  Because defendant has done so in this case, this factor favors defendant.

## II.     Prejudice To The Government

The withdrawal of a plea inevitably prejudices the government to some degree.  Id.  Here, this case was designated a complex case and involved 14 defendants.  To prepare for trial at this time, the government would have to re-issue some 70 subpoenas and relocate several witnesses who stood ready to testify in November of 2007.  Finally, several cooperating witnesses who have already been sentenced may be unwilling to testify at this time.  If the Court allowed defendant to withdraw his plea, the prejudice to the government would likely be substantial.  See United States v. Castillo, 209 Fed. Appx. 829, 831 (10th Cir. 2006) (granting motion would require government to expend additional resources re-issuing subpoenas and revisiting case); Siedlik, 231 F.3d at 749 (withdrawal likely would prejudice government by forcing it to undergo much of same process it already has completed); Carr, 80 F.3d at 420 (finding substantial prejudice in part because several cooperating witnesses had already been sentenced and received benefit of government motions for

substantial assistance; incentive to provide truthful and complete testimony in future trial greatly reduced). This factor weighs strongly in favor of the government.

### III.    Delay In Filing Motion And Reason For Delay

Defendant is unable to show that his delay is reasonable or justified under the circumstances. A lengthy delay in seeking withdrawal raises the standard for what could be a fair and just reason under the circumstances. Carr, 80 F.3d at 420; see Castillo, 209 Fed. Appx. at 831 (motion not filed until almost five months after defendant had pled guilty); United States v. Vidakovich, 911 F.2d 435, 439-40 (10th Cir. 1990) (delay of five months), cert. denied, 498 U.S. 1089 (1991). Here, defendant did not seek to withdraw his plea until April of 2008, some six months after his plea of guilty. The Tenth Circuit has found delays as short as six weeks to be unreasonable. See United States v. Gibson, 176 F.3d 489, 1999 WL 298181, at *1 (10th Cir. 1999) (delay of three months weighed against defendant); Carr, 80 F.3d at 420 (same); United States v. Burk, 36 F.3d 1106, 1994 WL 526709, at *2 (10th Cir. 1994) (rejected as unreasonable defendant's change of heart after six weeks); United States v. Rowzer, 80 F. Supp.2d 1212, 1219 (D. Kan. 1999) (delay of eight weeks too long), aff'd, 18 Fed. Appx. 702 (10th Cir. 2001); United States v. Stewart, 51 F. Supp.2d 1147, 1152 (D. Kan. 1999) (delay of six weeks unreasonable), aff'd, 215 F.3d 1338 (10th Cir. 2000). Defendant offers no satisfactory explanation for waiting nearly six months to seek to withdraw his plea. This factor weighs in favor of the government.

### IV.    Inconvenience To The Court And Waste Of Judicial Resources

The fourth and seventh factors favor the government because any withdrawal of a plea is inconvenient to the Court and wastes judicial resources. See United States v. Hasson, No. 07-2018, 2008 WL 2894087, at *5 (10th Cir. July 29, 2008) (scheduling last-minute trial in complex case

- 4 -

would necessarily disrupt docket and cause delays in other cases; anticipated two week trial shows that court would suffer substantial inconvenience); Castillo, 209 Fed. Appx. at 831 (granting motion would have required court to reschedule case for trial, resulting in disruptions to docket and delays in other pending cases).

## V.   Assistance Of Counsel

Defendant had able counsel to assist him and he has not established that counsel was ineffective in any regard. Counsel did express concern about proceeding to trial because she had not had an opportunity to retain a voice recognition expert, but defendant did not notify counsel of the claimed need for such an expert until shortly before his ultimate plea on October 31, 2007. See Testimony of Jessica Travis (defendant indicated "towards the end" that he wanted to retain an expert). Counsel gave defendant the choice to proceed to trial without an expert or to seek a continuance. Defendant has not shown that counsel's failure to retain an expert before October 31, 2007 was deficient or prejudicial. To the extent defendant claims that counsel overcame his will by dire predictions of his chance of prevailing at trial, such testimony is not credible. Counsel explained to defendant that going to trial would be a gamble and he chose not to do so. This factor slightly favors the government.

## VI.   Knowing And Voluntary Plea

To ascertain whether defendant's plea was knowing and voluntary, the Court evaluates the language of the plea agreement and plea petition, and the Rule 11 colloquy. United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004). The Court conducted a thorough inquiry at the plea hearing. At that time defendant affirmed that he understood the charges against him, the maximum penalties, the rights which he was waiving and the factual basis for his plea. Defendant acknowledged that his

plea was free and voluntary, that no one had forced or threatened him to enter it, and that the only reason he was entering a plea of guilty was that he was in fact guilty as charged. Nothing in the record suggests that defendant's plea, or his waiver of post-conviction rights, was unknowing or involuntary. The plea petition reflects that defendant had sufficient time to discuss the matter with his attorney, that he was satisfied with his attorney's representation, and that he had read and understood the plea agreement. The Court finds that defendant's plea was knowing and voluntary.[1] See United States v. Graham, 466 F.3d 1234, 1239 (10th Cir. 2006) (though defendant now claims otherwise, he participated in Rule 11 colloquy that leaves little doubt that plea was knowing and voluntary); United States v. Kramer, 168 F.3d 1196, 1200 (10th Cir. 1999) (absent other evidence, conclusory statements by defendant insufficient to show that plea was involuntary); United States v. Gordon, 4 F.3d 1567, 1573 (10th Cir. 1993) (knowing and voluntary plea taken in compliance with Rule 11 weighs against motion to withdraw), cert. denied, 510 U.S. 1184 (1994).

Defendant argues that he did not have adequate time to review the plea agreement, but such a claim is refuted by the language of the plea agreement, the plea petition and the Rule 11 colloquy. Furthermore, defendant does not identify any part of the plea agreement which he did not understand or to which he did not agree. The pressure of a last-minute plea deal is insufficient by itself to render a plea involuntary. Graham, 466 F.3d at 1239 (oral plea agreements far from ideal, but are

---

[1]     A plea also may be involuntary when an attorney materially misinforms defendant of the legal consequences of the plea and defendant pleads guilty while under a mistaken belief as to the legal effect of his plea. See Fields v. Gibson, 277 F.3d 1203, 1213 (10th Cir. 2002); United States v. Cortez, 973 F.2d 764, 767-68 (9th Cir. 1992). Here, defendant does not dispute that his counsel gave him correct legal advice. Defendant correctly understood that (1) unless the Court rejected the plea agreement, he would receive 120 months in prison and (2) if he went to trial and was found guilty, he would receive life in prison. Defendant does not claim that counsel incorrectly assessed his likelihood of prevailing at trial.

valid).  Moreover, defendant's delay in seeking relief for some six months suggests that he had adequate time to review the plea agreement and consult with counsel.

Defendant maintains that counsel told him, "if he went to trial, he would receive life imprisonment." Motion To Withdraw Plea (Doc. #510) at 4.  At the hearing on defendant's motion, defendant and his current counsel clarified that based on discussions with prior counsel, defendant thought that if he went to trial, he would be found guilty and receive life in prison.[2]  While defendant asserts that he is innocent, he does not claim that counsel's prediction of his trial chances was incorrect.

**VII.   Conclusion**

Nearly all of the above factors weigh against allowing defendant to withdraw his plea.  In particular, defendant's delay in filing his motion, the prejudice to the government and the knowing and voluntary nature of defendant's plea counsel strongly against allowing defendant to withdraw his plea.  Because defendant has not shown a "fair and just reason" for the withdrawal of his plea under Rule 11(d)(2)(B), Fed. R. Crim. P., the Court overrules his motion.

**IT IS THEREFORE ORDERED** that defendant's Motion To Withdraw Plea (Doc. #510) filed June 25, 2008 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that this matter is set for sentencing on **November 4, 2008 at 1:30 p.m.** in Courtroom 476.

---

[2]    To the extent defendant suggests that he understood that win, lose or draw, "if he went to trial, he would receive life imprisonment," Motion To Withdraw Plea (Doc. #510) at 4, such suggestion is not credible.  Among other things, defendant acknowledged at the plea hearing that if the government did not satisfy its burden of proof at trial, he would walk away a free man.  See Change Of Plea Transcript at 14.

Dated this 8th day of October, 2008, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge